JOHN CALLAHAN *v.* WM. S. HARRIS.

[Abstract Kentucky Law Reporter, Vol. 6—657.]

**New Trial for Inadequacy of Damages.**

A new trial may be granted for error in the assessment of damages whether too large or too small, but can not be granted on account of the smallness of damages in a case where they cover the actual pecuniary loss sustained. No new trial on account of the smallness of damages will be granted in a case where the weight of the evidence shows that the damages are not too small.

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 31, 1885.

OPINION BY JUDGE HINES:

This is an action by appellant againt appellee to recover ten thousand dollars in damages for breach of contract. It is alleged that in the early part of the year, 1881, appellant and appellee were engaged as partners in the manufacture of whiskey, appellant to receive one-fourth of the whiskey manufactured and appellee, three-fourths. It was agreed to increase the capacity of the distillery so as to mash and consume in the manufacture of whiskey, seven hun-

dred and fifty bushels of grain per day, and as alleged this agreement was to continue until the close of the season in June, 1882. In September, 1881, appellee insisted upon reducing the capacity of the consumption to six hundred and three bushels per day, to which appellant objected upon the ground that on the faith of the agreement to continue for the time specified the increased capacity of the distillery he had sold a large quantity of whiskey that he would not be able to deliver if the capacity of the distillery should be reduced; but in consideration that appellant consented to the reduction in capacity, appellee agreed to furnish him out of his portion, enough whiskey at cost of manufacture to enable appellant to fill his contracts.

The petition alleges a deficiency of eight hundred and eighty-five barrels and asks for judgment for the difference between the cost of manufacture and the price at which appellant had sold his whiskey. The allegations of the petition as to the existence of the agreement that appellee was to furnish appellant out of his portion enough whiskey to enable appellant to comply with his contracts of sale are all denied and upon that issue trial was had, and verdict and judgment in favor of appellant for five hundred dollars. Both parties appeal.

It is complained by appellant that the court erred in giving the second instructions asked by appellee. That instruction told the jury that appellant declared upon a contract by which appellee was to furnish appellant unconditionally and out of appellee's portion enough whiskey to enable appellant to fill his contracts and that if they believed from the evidence that the agreement was conditional upon appellee having enough supplies after fulfilling his own contracts previously made they must find for defendant. Appellant declared upon an unconditional agreement that appellee was to supply him out of appellee's portion of whiskey to be made, and there is evidence from which they may have concluded that the contract actually made was that the whiskey was to be furnished out of any surplus appellee might have after filling his own contracts for future delivery.

The instructions could not have misled the jury to the prejudice of appellant, but the failure to give such an instruction may well have prejudiced appellee. In the absence of such an instruction

the jury might have considered the evidence as to a conditional sale and thus found for appellant the existence of a contract not declared upon.

The next complaint by appellant is that the damages found for alleged breach of contract is too small and the jury disobeyed the instruction. The Code, Subsec. 5 of Sec. 34 provides that the court may grant a new trial for error in the assessment of damages, whether too large or too small and Sec. 341 provides that a new trial shall not be granted on account of the smallness of damages in any case where they cover the actual pecuniary loss sustained. The court instructed the jury that if they found for appellant the measure of damages is between sixty cents per gallon for which appellant had contracted his whiskey and thirty-three cents, cost of making. The correctness of this instruction is not raised by exception or objection nor is it quetsioned by counsel, but it is insisted for appellant that finding a verdict for him necessarily determined the existence of the alleged contract and that it follows that as under this measure of damages the amount of recovery would and should have been ten thousand dollars instead of five hundred dollars, the jury erred in assessing the amount of recovery, and that as the amount of damages found did not equal the actual pecuniary loss to appellant, a new trial should have been granted.

The trouble with this claim is that when the evidence is considered in connection wth the issue made by the pleadings the decided weight of evidence tends to the conclusion that there was no unconditional contract declared upon. The letters of appellant to appellee, appellant's own testimony with that of his clerk tends strongly to the conclusion that there was a conditional sale to be satisfied out of any surplus appellee might have on hand after complying with his own contracts for delivery. Under those circumstances it is difficult to say that the jury erred in assessing the amount of damages. They may have ventured to render a compromise verdict, something not unusual with juries. There may have been numbers of the jury that did not concur in the conclusion that the alleged contract had been proved, but yet to end litigation may have concurred in finding a verdict for five hundred dollars. The discrepancy between the amount claimed, considered in connection with the instruction as to the measure of damages and the amount

found by the jury, tends clearly to show that the verdict was a com-
promise and not intended or understood by the jury as finding the
existence of the contract as alleged.   This is not a case then in
which it is shown that there was error in the assessment of dam-
ages, that the damages did not equal the actual pecuniary loss sus-
tained by appellant. On the theory that the contract of absolute sale
is established by the finding of the jury in the favor of appellant it
would necessarily be conceded that the amount of damages found
by the jury does not amount to a sum sufficient to cover the actual
pecuniary damage.   But the evidence does not establish that theory.
A special finding or two. in just such a case would have relieved us
of much uncertainty as to what the jury intended, but in the ab-
sence of such findings of fact we can not undertake to say what
they would have been.                                    ‹

On the cross appeal it is insisted that judgment should have gone
for appellee on the pleadings because there was no sufficient alle-
gation of a breach of contract sued on.   The petition alleges the
capacity of the distillery at the time of reduction and the capacity
after reduction, it sets forth the amount of whiskey appellant sold
on the faith of the distillery running for the season at the increased
capacity the amount that appellant needed to comply with his con-
tract, this inferentially alleging that the deficiency claimed by appel-
lant was caused by the reduction of the capacity.   The denials in the
answer aid the petition to such an extent that after verdict it must
be held to be good.

Judgment *affirmed* on appeal and cross-appeal.    ›

*Alpheus Baker, S. B. Tony, for appellant.*

*Charles H. Gibson, for appellee.*